If the judge, during the examination, is allowed to be absent therefrom, attending to other business, and his amanuensis is attending to the examination in his stead, a *referee* is also authorized to do the same thing; for the statute requires the testimony to be taken before the referee *in the same manner* as by a judge; such a course would be carrying the practice of substitution in these cases to an extent which, probably, the legislature never contemplated. Some light may be thrown upon this question by reference to the following statute:

" On and after the first Monday of July next, the testimony of any competent witness may be taken in this state, to be used in any civil suit or proceeding, on an agreement in writing to that effect being made between the parties, their attorneys or solicitors, and on interrogatories to be agreed upon in the same manner. Said testimony may be taken before a judge of any court of record of this state, or local officer elected to discharge the duties of county judge, or a justice of the peace of this state, who shall, before the interrogatories are put to him, publicly administer · an oath to the witness, that the answers given to said interrogatories shall be the truth, the whole truth, and nothing but the truth; *and the testimony shall be truly and carefully reduced to writing by the officer,* and read to the witness and subscribed by him, and certified by the officer. The testimony so taken, together with the interrogatories, shall be filed with the clerk of the court in which the suit or proceeding shall be pending; and, if in the supreme court, and taken in a suit or proceeding at law, the same shall be filed with the clerk of the county in which the suit or proceeding shall be pending; and if before any court or officer having no clerk, then with said court or officer. And said testimony may be used in evidence on any trial or hearing of such suit or proceeding, and every objection to the competency or credibility of said witness, or to ·the competency and relevancy of any answer given by him, may be made in the same manner, and with the like effect, as if such witness were ˙personally examined at such trial or hearing. (*Laws of* 1847, *p.* 344, § 78.)

---

# SUPREME COURT.

## JOHN WARDEN, respondent, agt. GEORGE C. BUELL, appellant.

Where, in an action for the *foreclosure of a mortgage*, the mortgagor and his grantee of the premises are made defendants—the latter only answering—the mortgagor is not a competent witness for the grantee, under section 397 of the Code, to ˙prove *usury* in the bond and mortgage.

Because, under that section, the defendants would be jointly interested in such a defence, and a separate judgment thereon could not be rendered, the basis of the action being a single contract—the bond and mortgage.

Warden agt. Buell.

Whether the mortgagor might not be a competent witness on that question in his own behalf, under section 399—*quære?*

*Monroe General Term, March,* 1859.
T. R. STRONG, WELLES *and* E. DARWIN SMITH, *Justices.*
APPEAL from a judgment.

G. F. DANFORTH and S. MATHEWS, *for appellant.*
J. L. ANGLE, *for respondent.*

By the court—T. R. STRONG, Justice. Flanders executed a bond, together with a mortgage on real estate; and afterwards conveyed the mortgaged premises to Buell. This action is for a foreclosure of the mortgage, and a judgment against Flanders for any deficiency there may be after a sale of the premises. Buell has answered, setting up as a second defence the defence of usury. Flanders has not answered. On the trial of the issues, Flanders was called by Buell as a witness, to prove the usury, and he was rejected upon an objection by the plaintiff, to his competency to prove that defence.

It is claimed, on the part of Buell, that Flanders was a competent witness under section 897 of the Code. That section provides, that " a party may be examined on behalf of his co-plaintiff, or of a co-defendant, as to any matter in which he is not jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint verdict or judgment can be rendered." We think Flanders was not a competent witness under that section. He could not give any testimony to establish the usury, which would not benefit him equally with Buell. If that defence should be sustained, the action would be defeated as to him as well as to Buell. No judgment could be entered against him, although he did not answer, if Buell prevailed on that defence. The case is not, therefore, one in which separate judgments could be rendered as to Flanders and Buell, in respect to the matter of that defence; and it is a case in which a joint judgment could be rendered in their favor as to that matter. In our opinion, they were, therefore, jointly interested or liable, so far as that de-

fence is concerned, within the meaning of the section in question.

There is a wide and important difference between this case and the case of an action under the statute of 1832, as amended, or section 120 of the Code, against the makers and indorsers of a bill of exchange or promissory note.   In the latter case, the action is upon several distinct and independent contracts. The defence of one party cannot be of any avail to another. The drawer, or any indorser, may defeat the action as to him for usury, and yet any other separate party be held liable on his own contract.   In the present case, the basis of the action is the bond and mortgage, a single contract, and if they are adjudged invalid for usury, the action as to all is subverted.

We do not consider whether Flanders might not have been a competent witness in his own behalf, under section 399 of the Code, on the issue between Buell and the plaintiff.   If he would have been he should have been offered as such, that the plaintiff might, if the fact was so, object to the want of the requisite notice to him of the examination.

The judgment must be affirmed with costs.